ELLEN F. ROSENBLUM
Attorney General
TRACY J. WHITE  #904127
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Tracy.J.White@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| I, a man, BRIAN LEE LARSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>NICHOLAS MILLER, a police officer of the Eugene Police Department, et al.,<br><br>        Defendants. | Case No.  6:16-cv-01727-TC<br><br>DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS |

## **MOTION AND LR 7-1 CERTIFICATION**

Defendant Katherine Green ("Green") moves to dismiss this action with prejudice for lack of subject matter jurisdiction and for failure to state a claim.  Fed. R. Civ. P. 12(b)(1), (6). Pursuant to L.R. 7-1(a)(1)(C), counsel for Green certifies that to the best of counsel's knowledge, the plaintiff is a prisoner not represented by counsel and is presently in the custody of the Lane County Jail.

Page 1 -    DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
        TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## MEMORANDUM IN SUPPORT

### I. The court lacks subject matter jurisdiction.

The court should dismiss this case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Edison v. U.S.*, 822 F.3d 510, 517 (9th Cir. 2016).

Plaintiff has not carried this burden here. The federal district court has jurisdiction over cases raising federal questions and cases involving diversity of citizenship. 28 U.S.C. § 1331, 1332. The Amended Complaint ("Complaint") points to no diversity or federal laws at issue. Neither does his separately filed Notice of Jurisdiction (Dkt 7).

Because there is no indication that the court has jurisdiction over this matter, the case should be dismissed.

### II. The Complaint fails to state a claim.

Additionally, plaintiff fails to state a claim. In order to state a cause of action, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In evaluating the sufficiency of a complaint under Rule 12(b)(6), a court accepts as true all factual evaluations in the light most favorable to the claimant. *See Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-338 (9th Cir. 1990). Despite this, the pleading standard requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcraft v. Iqbal*, 556 u.S. 662, 678 (2009), A pleading cannot get by on "labels and conclusions." *Id.* (citation omitted). Rather, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted) . "Even 'a liberal interpretation of a …complaint may not supply essential elements of the claim that were not initially pled.'" *Tabb v. One West Bank*, 2010 WL 5684402 at *3 (D. Or. Nov. 1, 2010), *adopted with leave to amend by* 2011 WL 344593 (D. Or. Jan. 31, 2011), *quoting Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Page 2 -   DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Here, the Amended Complaint on its face does not allege sufficient facts to state a cognizable cause of action against defendant Green. On the contrary, the allegations are entirely unclear as to even the nature of the cause of action.

### A.  No allegations against Defendant Green.

First, the defendant is Katherine Green, an assistant district attorney for Lane County. However, there are no allegations directed at her. Indeed, she is not referenced other than in the caption of the Complaint.

### B.  No allegations supporting claims for trespass or trespass on the case.

Second, plaintiff labels the action as one for "trespass and trespass on the case" without describing how those torts apply to this case. There are no descriptions of trespass in the sense of an improper invasion of property. Moreover, there are no allegations supporting the "trespass on the case" claim. "Trespass on the case is simply a label for a negligence claim." *Tabb*, 2010 WL 5684402 at *3. Like the plaintiff in *Tabb*, here there are no allegations of a "duty on the part of * * * defendant toward plaintiff[], any breach of such a duty, or how such breach caused plaintiff[] any harm." *Id.*

### C.  No allegations explaining the nature of claim regarding state court convictions.

Third, to the extent plaintiff's claim is directed at overturning state court convictions against him, it entirely fails to state a claim. Plaintiff was convicted in state court of various felonies, misdemeanors, and violations. *State v. Larsen*, Case No. 16CR13251 (Lane County Circuit Court, Or., Sept. 13, 1016); *State v. Larsen*, Case No. 16V133454 (Lane County Circuit Court, Or., Sept. 7, 2016).[1]  The proper method of challenging these convictions is through a timely appeal pursuant to ORS chapter 19. *See* ORS 138.020 *et seq.*

---

[1] The court should take judicial notice of the public record in these cases. Fed. R. Evid. 201. For the convenience of the court, the docket sheets and judgments for each case are attached as exhibits to the accompanying Declaration of Tracy J. White.

Page 3 -    DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
          TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Plaintiff does not explain how he believes he can challenge those convictions in this court or upon what theory of liability he is relying.

To the extent the allegations could be construed as a civil rights claim alleging violations of the federal constitution in relation to the convictions, the avenue for making such a challenge is 42 USC § 1983, which plaintiff does not allege here.  As such, the claim cannot survive. *Richardson v. Clackamas County,* 2014 WL 1653064 at *2-3 (D. Or. April 24, 2014).  Likewise, plaintiff has not asserted an authority for bringing an Oregon constitutional claim.  *See Bridgeview Vineyards, Inc. v. Oregon State Land Bd. of State*, 258 Or. App. 351, 370 (2013) (circuit court's ruling that there was no private cause of action for violating Oregon Constitution was uncontroverted on appeal).

Because plaintiff has not expressed a cogent claim for relief, this action should be dismissed.

### D.  Collateral challenge to convictions is improper.

Even if plaintiff had alleged section 1983, the claim is not valid.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the U.S. Supreme Court "den[ide] the existence of a cause of action" where a plaintiff seeks to use section 1983 to challenge a standing conviction. *Id.* at 489.  The Court stated:

> "We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

*Id.* at 486-87 (footnote omitted); *see also Lyell v. City of Los Angeles*, 807 F3d 1178 (9th Cir 2015) (court is not an "alternative forum" for a plaintiff to challenge his conviction through a section 1983 claim).

Page 4 -   DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
           TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

This rule should also be applied by analogy to the extent the complaint is read to allege any similar state law torts. *Heck* compared section 1983 claims based on allegedly wrongful conviction to the common law tort of malicious prosecution. *Heck*, 512 US at 484. The Court noted that in malicious prosecution cases, one element is that the prior criminal proceeding must have been terminated in favor of the accused. *Id.* This is an element of Oregon state law claims for malicious prosecution as well. *See DeHarpport v. W.E.J.*, 270 Or App 681, 685 (2015). The *Heck* rule should thus apply to any state law claims, in addition to the section 1983-like claims.

Thus, regardless of what type of claim plaintiff has brought, the action should be dismissed with prejudice as an invalid attempt to challenge existing convictions.

### III. Prosecutorial immunity bars all claims.

To the extent the claim can be construed as one for damages against Defendant Green in her role as an assistant district attorney in relation to the convictions, such claim is barred by prosecutorial immunity. The Supreme Court has long held that prosecutors are absolutely immune from lawsuits based on their official actions as an officer of the court, whether the claims are based on tort or constitutional violations. *Van de Kamp v. Goldstein*, 555 U.S. 335, 340-41 (2009).

Citing Judge Learned Hand from more than fifty years ago, the Court in *Van de Camp* emphasized, "'[I]t has been thought in the end better,' he said, 'to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.'" *Van de Camp*, 555 U.S. at 340 (citation omitted; brackets in original). Such immunity is necessary, "given the frequency with which criminal defendants bring such suits." *Id.* at 342. "'[A] defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate[.]'" *Id.* (citation omitted; first set of brackets in original.).

Page 5 -   DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
        TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

This principle holds true for state court claims as well. *Heusel v. Multnomah County Dist. Attorney's Office*, 163 Or. App. 51, 56 (1999) (prosecutors are absolutely immune as to "'when, how, and against whom to proceed'") (citation omitted).

Any damage claims against defendant Green in her role as prosecutor should be dismissed with prejudice.

### IV.     Qualified immunity bars federal or state constitutional claims.

In addition, Green is protected by qualified immunity on any constitutional claims. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Supreme Court has held that qualified immunity extends "to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335 (1986). This rule should be applied by analogy to the Oregon Constitution claim as well.

Under these circumstances, Green is protected by qualified immunity. First, the U.S. Supreme Court has held that state officials are not liable under section 1983 unless they play an affirmative part in the alleged constitutional deprivation. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Here, as discussed above, the Complaint raises no personal involvement by Green in the alleged wrongdoing.

Second, there are no allegations of any constitutional violations of which Green should have been aware.

Qualified immunity thus protects Green from any claim that she violated the federal or state constitution.

Page 6 -    DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
        TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**V.      Eleventh Amendment immunity bars official capacity and state law claims.**

To the extent the complaint is considered a section 1983 claim against Green in her official capacity, it is barred by the Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 US 58, 71 (1989) (state officials acting in official capacities are not persons subject to section 1983).

Moreover, to the extent the Complaint raises state law claims, such claims are also barred by the Eleventh Amendment.  The Eleventh Amendment states:  "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const. amend. XI.

The Ninth Circuit has confirmed that the amendment means what it says:  "'It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or department is named as the defendant is proscribed by the Eleventh Amendment.'"  *Brown v. Oregon Dept. of Corrections,* 751 F.3d 983, 989 (9th Cir. 2014) (citation omitted, ellipses in original).

Here, the action is not against the State but against a State employee.  Or. Rev. Stat. 30.285(7) (state employee includes district attorneys, deputy district attorneys, special prosecutors and law clerks in the office of the district attorney who act in a prosecutorial capacity).  The sole cause of action against such state employees is an action under the Oregon Tort Claims Act.  Or. Rev. Stat. 30.265(2).  The State must indemnify its employees who are sued for actions occurring in the performance of their duties.  Or. Rev. Stat. 30.285(1).  Additionally, in most circumstances, claims against state employees are deemed to have been brought against the State, and the State must be substituted for the individuals.  Or. Rev. Stat. 30.265(3).  Accordingly, a state claim against a state employee is essentially an action against the State.

Therefore, the Eleventh Amendment requires dismissal of the state law claims against the individual state employee.  *See Sistrunk v. Hall,* 2012 WL 1357659 at *8 (D. Or. April 19, 2012)

Page 7 -    DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
         TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

(under ORS 30.265, State was proper defendant instead of employees; as a result, Eleventh Amendment provided immunity to tort claim).

### VI. Apparent authority immunity precludes state law claims.

If the action is construed as containing state law tort claims, they are also barred by the doctrine of apparent authority. Under the Oregon Tort Claims Act,

> "Every public body is immune and its officers, employees and agents acting within the scope of their employment or duties, * * * are immune from liability for:
>
> * * * * *
>
> (f) Any claim arising out of an act done or omitted under apparent authority of a law, resolution, rule or regulation that is unconstitutional, invalid or inapplicable except to the extent that they would have been liable had the law, resolution, rule or regulation been constitutional, valid and applicable, unless such act was done or omitted in bad faith or with malice."

ORS 30.265(6)(f).

The Oregon Court of Appeals interpreted this statute very recently in *Cruz v. Multnomah County*, 279 Or App 1 (2016). This case was brought by a plaintiff who, having been arrested, was held longer pursuant to a request from federal immigration authorities, which cited a federal regulation allowing the detention. *Id.* at *1-2. Plaintiff claimed the detention was unlawful and unconstitutional. *Id.* at 3.

The court ruled that apparent immunity protects "public actors who, acting without bad faith or malice, rely on their plausible interpretations of laws that turn out to be unconstitutional, invalid, or inapplicable. *Id.* at *6. This is true even if the public actor misconstrued a law to authorize or require his action. *Id.* at *8.

Under this authority, the court ruled that the local agencies were protected by apparent authority based on their reliance on the federal regulation. *Id.* at *9. They were therefore immune from liability to plaintiff for the detention. *Id.*

Under the doctrine of apparent authority, Green is protected from actions taken in reliance of her plausible interpretations of law. There are no allegations that even arguably

Page 8 -   DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
    TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

suggest Green took any actions that were outside her apparent authority. The state claims against her should be dismissed with prejudice.

### VII. Lack of Timely Tort Claim Notice Bars State Law Claims.

Finally, any state law claims are also barred by the lack of an allegation of a timely tort claim notice.

Under Or. Rev. Stat. 30.275(1), no tort claim can be brought against a public body unless the plaintiff first gives a timely tort claim notice. "The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim." *Tyree v. Tyree*, 116 Or. App. 317 (1992), *rev. denied*, 315 Or. 644 (1993). The burden of proving that a proper notice was given is on the plaintiff. Or. Rev. Stat. 30.275(7).

Here, plaintiff has not alleged a timely tort claim notice was filed with the State. This failure to allege a timely tort claim notice bars any state law tort claims.

### VIII. Conclusion

This case should be dismissed with prejudice for its many inadequacies. These include: 1) lack of subject matter jurisdiction, 2) failure to state a claim for relief, 3) prosecutorial immunity, 4) qualified immunity, 5) Eleventh Amendment immunity, 6) apparent authority immunity, and 7) lack of tort claim notice.

Page 9 -   DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Simply put, this case is not one that should be heard by this court. Defendant Green respectfully requests that this motion be granted.

DATED November  16 , 2016.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Tracy J. White_
TRACY J. WHITE #904127
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Tracy.J.White@doj.state.or.us
Of Attorneys for Defendant Katherine Green

Page 10 -   DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS
TJW/ssp/7852835-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CERTIFICATE OF SERVICE

I certify that on November   16  , 2016, I served the foregoing DEFENDANT KATHERINE GREEN'S MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Brian Lee Larsen | ___ HAND DELIVERY |
| c/o Jerri A. Lovvorn |  X   MAIL DELIVERY |
| 411 Durham Avenue | ___ OVERNIGHT MAIL |
| Eugene, OR  97404 | ___ TELECOPY (FAX) |
|         Plaintiff *pro se* | ___ E-MAIL |
| | ___ E-SERVE |

          *s/ Tracy J. White*
TRACY J. WHITE #904127
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Tracy.J.White@doj.state.or.us
Of Attorneys for Defendant

Page 1 -   CERTIFICATE OF SERVICE
            TJW/ssp/7677005-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791