UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRIAN LEE LARSEN,

                  Claimant,             6:16-cv-01727-TC

             v.                    FINDINGS and
                                         RECOMMENDATION

NICHOLAS MILLER,
et al.,

                  Defendants.

COFFIN, Magistrate Judge.

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil

1 - Findings and Recommendation

Procedure 8(a) and 8(e).  McHenry v. Renne, 84 F.3d 1172, 1179
(9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d
671, 673 (9th Cir. 1981).

If the factual elements of a cause of action are
scattered throughout the complaint but are not organized into
a "short and plain statement of the claim," dismissal for
failure to satisfy Rule 8(a) is proper.  Sparling v. Hoffman
Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also,
Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th
Cir. 1981).

In order to state a claim against a named defendant,
plaintiff must allege specific facts about that defendant and
identify how that defendant's conduct violated his rights.
General allegations are insufficient. Ashcroft v Iqbal, 556
U.S. 662 (2009).

Plaintiff's "Amended Claim for Trespass (#8) does not
allege a proper jurisdictional basis and none is apparent from
the factual allegations.

In addition, plaintiff has not made any factual
allegations against defendant Green.  Other than her name
appearing in the caption, the 'complaint " makes no mention of
her.  Moreover, defendant Green is an assistant district
attorney and in all probability is absolutely immune from
liability to plaintiff.

2 - Findings and Recommendation

I take judicial notice that plaintiff was convicted in
state court of various felonies, misdemeanors and violations.
If plaintiff seeks to challenge the convictions, he should do
so through the state court appellate process.

Qualified immunity and Eleventh Amendment immunity are
other impediments - more accurately, *barriers* to plaintiff's
possible claims against defendant Green - who is the sole
remaining defendant in the case.

Pro se complaints are to be interpreted liberally.
Haines v. Kerner, 404 U.S. 519 (1972). However, the complaint
in this case fails to comply with the minimal pleading
requirements of the federal rules, fails to state a claim, and
is otherwise defective for the reasons set forth in defendant
Green's Motion to Dismiss (#11).

Defendant Green's Motion to Dismiss (#11) should be
allowed. Because it is apparent that the deficiencies of the
complaint cannot be cured by amendment the dismissal should be
with prejudice. Plaintiff's Motions for Contempt of Court (#4)
and Motion for Declaratory Judgment (#13) should be denied.
Defendant's Motion for Extension of Deadlines (#16) should be
denied as moot. The Clerk of the Court should be directed to
enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately
appealable to the Ninth Circuit Court of Appeals. Any notice

3 - Findings and Recommendation

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 22 day of December, 2016.

Thomas M. Coffin
United States Magistrate Judge

4 - Findings and Recommendation